UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 02-26 |
| JAMES SENTMORE | SECTION "R" |

**ORDER AND REASONS**

James Sentmore moves *pro se* for compassionate release.[1] The Government opposes the motion.[2] Because Sentmore has not shown that he meets the requirements for compassionate release, the Court denies the motion.

**I.   BACKGROUND**

On April 19, 2002, Sentmore pleaded guilty[3] to two counts in an indictment[4] for bank robbery and for use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 2113(a), (d) and 18 U.S.C. § 924(c)(1). According to the factual basis defendant signed, Sentmore

---

[1]   R. Doc. 50.
[2]   R. Doc. 53.
[3]   R. Doc. 15 at 1.
[4]   R. Doc. 1.

robbed the Gulf Coast Bank and Trust located at 200 St. Charles Ave.[5] The factual basis states that, on November 20, 2001, Sentmore entered the bank while armed with a gun and his face covered with a burgundy ski mask.[6] Sentmore approached the bank teller and stated "give me the money, don't move, I'm not going to hurt you, don't press no buttons."[7] The teller handed money over to Sentmore, and he fled on foot.[8] Sentmore got away with approximately $12,315.00, and was arrested on unrelated charges on December 5, 2001.[9]

On August 21, 2002, the Court sentenced Sentmore to 63 months as to Count One of the indictment, and 61 months as to Count Two, to be served consecutively.[10] The Court also sentenced defendant to five years of supervised release upon release from imprisonment.[11] Sentmore is incarcerated at FCI Pollock in Louisiana.[12] He has a projected release date of April 19, 2035.

---

[5] R. Doc. 16.
[6] *Id.* at 1.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 2.
[10] R. Doc. 23 at 1.
[11] *Id.*
[12] *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited March 29, 2021).

## II.  DISCUSSION

### A.  Exhaustion

Before a federal court will assess the merits of a motion for compassionate release, defendants must show that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582.  The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts."  *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020).  The defendant bears the burden of demonstrating exhaustion.  *See, e.g., United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020).

In addition, the Fifth Circuit has held that the exhaustion requirement is a "mandatory claim-processing rule."  *Franco*, 973 F.3d at 468.  Like other mandatory-claim processing rules, the Court must enforce the rule if a party properly raises the issue.  *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684,

3

692 (5th Cir. 2019) ("A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it."). The Government concedes exhaustion in this case.[13]

According to the Government, Sentmore applied for compassionate release through the BOP on October 30, 2020.[14] Because Sentmore has presented his request for compassionate release to the BOP, and because the Government concedes exhaustion, the Court proceeds to the merits of Sentmore's motion.

### B.  Extraordinary and Compelling Reasons

Courts may only grant compassionate release when "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The relevant policy statement is set out in § 1B1.13 of the United States Sentencing Guidelines. The commentary to § 1B1.13 describes four "extraordinary and compelling reasons" that could warrant a reduced sentence: (1) medical conditions, (2) age, (3) family circumstances, and (4) "[o]ther [r]easons." U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). The commentary further specifies that, to be

---

[13]   R. Doc. 53 at 9-10.
[14]   *Id.* at 10.

sufficiently serious to warrant release, a medical condition must be a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.3 cmt. n.1(A).

Sentmore argues that preexisting medical conditions place him at high risk for death or serious illness if exposed to COVID-19.[15] In *United States v. Thompson*, the Fifth Circuit noted that, "in some exceptional cases" courts "have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID." 984 F.3d 431, 434 (5th Cir. 2021). But there is no "unanimous" agreement in the courts that "every high-risk inmate with preexisting conditions" has demonstrated an extraordinary and compelling reason. *Id.* The court in *Thompson* affirmed a denial of compassionate release for a defendant who suffered from hypertension, high cholesterol, and had previously suffered a stroke. *Id.* at 1.

Here, Sentmore contends that his body mass index ("BMI") is over 42,[16] he suffers from chronic nerve pain in his back, hip, legs, and feet, and

---

[15] R. Doc. 50 at 2-4.
[16] *Id.* at 2. The Government contends that Sentmore's BMI is approximately 51.7. R. Doc. 53 at 12.

5

underwent surgical procedures to treat an infection in 2015 and 2016.[17] A prison medical record from September 28, 2020 states that Sentmore's BMI is 46.2.[18] The Centers for Disease Control and Prevention ("CDC") lists "[o]besity," which corresponds to a BMI of 30 or higher, and "[s]evere [o]besity," BMI of 40 or higher, as "underlying medical conditions" that puts people of any age at increased risk of severe illness from COVID-19.[19] Nothing in the record indicates that Sentmore's BMI or nerve conditions are "terminal" or that they "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A).

The heart of Sentmore's claim is a generalized fear of COVID-19. But generalized fear of the virus does not rise to an "extraordinary and compelling reason" justifying release. *See, e.g.*, *Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitled a prisoner to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a

---

[17] R. Doc. 50 at 1-4.
[18] R. Doc. 53-2 at 4.
[19] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 27, 2021).

particular prison alone cannot independently justify compassionate release."); *United States v. Marco Perez-Serrano*, No. 13-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release."). Moreover, FCI Pollock reports one positive COVID-19 case among the inmate population.[20] The Court finds that Sentmore's medical conditions do no constitute extraordinary and compelling reasons meriting compassionate release.

### B. Section 3553(a) Factors

The Court also finds that the Section 3553(a) factors do not support a reduction in Sentmore's sentence. When determining whether to modify a sentence under Section 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the "seriousness of the offense" and "the history and characteristics of the defendant" militate against early release. 18 U.S.C. § 3553(a). Sentmore was convicted of serious, violent crimes, and he has a significant criminal history.[21] The Section 3553(a) factors do not weigh in favor of compassionate release.

---

[20] Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited March 27, 2021).
[21] R. Doc. 53-3 at 55-63.

7

## B.  Danger to the Community

When ruling on a motion for compassionate release, the Court must assess whether the defendant is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  In making this determination, the Court looks to 18 U.S.C. § 3142(g).  *Id.*  The factors set out in § 3142(g) are similar to § 3553(a), and include the "nature and circumstances of the offense" and the "the history and characteristics" of the defendant.  *Id.* at § 3142(g)(1)-(4).  As noted above, these factors weigh against compassionate release.  The Court finds that the violent nature of Sentmore's offense militates against release.

## III.  CONCLUSION

For the foregoing reasons, Sentmore's motion for compassionate release is DENIED.

New Orleans, Louisiana, this __29th__ day of March, 2021.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE