UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                            NO. 02-26

JAMES SENTIMORE                              SECTION "R"


**ORDER AND REASONS**


James Sentimore moves *pro se* for compassionate release.[1]  The
Government opposes the motion.[2]  Because Sentimore has not shown that
he meets the requirements for compassionate release, the Court denies the
motion.


I.   **BACKGROUND**

On April 19, 2002, James Sentimore[3] pleaded guilty[4] to two counts in
an indictment[5] for bank robbery and for use of a firearm during the

---

[1]    R. Doc. 60.
[2]    R. Doc. 64.
[3]    Defendant's prison and court records interchangeably spell his last
name as "Sentimore" and "Sentmore."  Because defendant uses
"Sentimore" in his motion for compassionate release, the Court uses
that spelling for purposes of this order.
[4]    R. Doc. 15 at 1.
[5]    R. Doc. 1.

commission of a crime of violence, in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 924(c)(1).   According to the factual basis that defendant signed, Senitmore robbed the Gulf Coast Bank and Trust located at 200 St. Charles Avenue in New Orleans.[6]   The factual basis states that, on November 20, 2001, Sentimore entered the bank while armed with a gun, and with his face covered with a ski mask.[7]   Sentimore approached the bank teller and said, "give me the money, don't move, I'm not going to hurt you, don't press no buttons."[8]   The teller handed money over to Sentimore, and he fled on foot.[9]   Sentimore got away with approximately $12,315.00, and was arrested on unrelated charges on December 5, 2001.[10]

On August 21, 2002, the Court sentenced Sentimore to 63 months as to Count One of the indictment, and 61 months as to Count Two, to be served consecutively.[11]   The Court also sentenced defendant to five years of supervised release upon release from imprisonment.[12]   Sentimore is

---

[6]   R. Doc. 16.
[7]   *Id.* at 1.
[8]   *Id.*
[9]   *Id.*
[10]   *Id.* at 2.
[11]   R. Doc. 23 at 1.
[12]   *Id.*

incarcerated at FCI Pollock in Louisiana.[13]  He has a projected release date of April 19, 2035.

On November 30, 2020, defendant moved for compassionate release on the basis that his preexisting medical conditions placed him at high risk of death or serious illness if exposed to COVID-19.[14]  The Court denied his motion.[15]  On February 28, 2022, defendant again moved for compassionate release.[16]  The Government opposes Sentimore's motion, noting that defendant's underlying health conditions do not constitute "extraordinary and compelling reasons" warranting compassionate release, especially given that Sentimore has been vaccinated and has already contracted and recovered from the virus.[17]  The Court considers defendant's motion below.

## II.   DISCUSSION

As a threshold matter, the Court finds that Sentimore has satisfied the exhaustion requirement for compassionate release.  Before a federal court assesses the merits of a motion for compassionate release, the defendant

---

[13]   *See* Fed. Bureau of Prisons, *Find an Inmate* (2022), https://www.bop.gov/inmateloc.

[14]   R. Doc. 50 at 2-4.

[15]   R. Doc. 59.

[16]   R. Doc. 60.

[17]   R. Doc. 64.

must show that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582.  The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied,* No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020).  The defendant bears the burden of demonstrating exhaustion.  *See, e.g.*, *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020).

According to the Government, Sentimore applied for compassionate release through the Bureau of Prisons ("BOP") on October 30, 2020.[18] Because more than thirty days have passed since Sentimore presented his request for compassionate release to the BOP, and because the Government concedes exhaustion, the Court proceeds to the merits of Sentimore's motion.

---

[18]     *Id.* at 2, 6.

Although defendant has shown that he properly exhausted his administrative rights, he has not shown that he meets the other requirements for compassionate release.    Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction."    18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").

In evaluating defendant's motion, the Court must first "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Here, the Court finds that the section 3553(a) factors do not weigh in favor of defendant's release.  Specifically, the Court finds that the "history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense" militate against early release.  *See* 18 U.S.C. § 3553(a).  Sentimore was convicted of serious, violent crimes, and received enhancements under the Sentencing Guidelines for brandishing a firearm "to instill[] fear of immediate danger on the part of the victim."[19]  Moreover, he committed the instant offenses after

---

[19]    R. Doc. 53-3 at 3-6 (PSR).

escaping from the Louisiana State Police Headquarters where he was serving concurrent state sentences for convictions involving armed robbery.[20] Additionally, Sentimore has a significant criminal history, including at least two prior convictions involving crimes of violence.[21] Accordingly, the Court finds that the section 3553(a) factors do not weigh in favor of compassionate release.

Additionally, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release. 18 U.S.C. § 3582(c)(1)(A)(i). As with his previous compassionate-release motion, Sentimore again cites his preexisting medical conditions as risk factors that make him more susceptible to dying or becoming seriously ill if exposed to COVID-19.[22] He also asserts that the BOP's failure to "curb [COVID's] rapid spread" is an "extraordinary and compelling reason" for early release.[23] Sentimore represents that he suffers from: (1) obesity, (2) "a prostate medical condition;" (3) "permanent nerve pain" in his legs and feet; and (4) ulcers.[24] The Court finds that these medical conditions do not make Sentimore's case "extraordinary." *Cf. United States v. Grant*, No. 16-172,

---

[20]   *Id.* at 3-4.
[21]   *Id.* at 7-11.
[22]   R. Doc. 60 at 10-11.
[23]   *Id.* at 7-10.
[24]   *Id.* at 10.

2021 WL 149308, at *4 (W.D. La. Jan. 15, 2021) ("[W]hile obesity is an underlying medical condition that poses increased risk for severe illness from COVID-19, courts have found that obesity—alone or even paired with other medical conditions—does not provide adequate grounds for compassionate release."); *United States v. Marzon*, No. 99-70, 2021 WL 4649799, at *3 (E.D. La. Oct. 7, 2021) (noting that the Court did not find that defendant's "enlarged prostate or back pain" increased his risk of severe illness from COVID-19 or constituted sufficient grounds to warrant compassionate release); *United States v. Barnes*, No. 14-86, 2020 WL 3606354, at *2 (E.D. La. July 2, 2020) (finding that defendant's medical conditions, including nerve pain and high cholesterol, did not "elevate defendant's risk of contracting Covid-19 to the level of 'extraordinary and compelling'"). Moreover, a medical evaluation by FCI Pollock's Health Services Administrator states that Sentimore suffers from "minor chronic medical conditions" that can be "eas[il]y managed within a prison environment."[25] For these reasons, the Court finds that defendant's reported health conditions, taken alone and in combination, do not constitute extraordinary or compelling reasons warranting his release.

---

[25]   R. Doc. 65-2 at 1.

Further, the Court's previous finding that defendant's generalized fear of COVID-19 does not require his release applies with even greater force now that defendant has received a COVID-19 vaccine and booster shot.[26] *See United States v. Gibson*, No. 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021) ("Courts have held that, once vaccinated, the efficacy of the COVID-19 vaccines preclude[s] the argument that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A)."). And although defendant is correct that the Omicron variant can infect fully vaccinated individuals,[27] Sentimore has already contracted and recovered from the virus and "reported no symptoms during his isolation period."[28] As noted by another section of this Court, compassionate release is not warranted based on a vaccinated defendant's fear of the Omicron variant, given that "the CDC has stated that 'COVID-19 vaccines are highly effective at preventing severe illness, hospitalizations, and death' from the omicron variant." *United States v. Saunders*, No. 12-141, 2022 WL 252701, at *5 (E.D. La. Jan. 27, 2022) (internal citation omitted).

Finally, based on the available data, the Court finds no support for Sentimore's assertion that FCI Pollock has failed to adequately manage the

---

[26] R. Doc. 64 at 12; *see also* R. Doc. 65-2 at 1.
[27] R. Doc. 60 at 12.
[28] R. Doc. 65-2 at 1.

pandemic. Currently, FCI Pollock reports zero positive COVID-19 cases among the inmate population and staff.[29] The Court thus finds that neither Sentimore's medical conditions nor his environmental conditions at FCI Pollock constitute extraordinary and compelling reasons meriting compassionate release.

## III. CONCLUSION

For the foregoing reasons, Sentimore's motion for compassionate release is DENIED.

New Orleans, Louisiana, this __23rd__ day of May, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[29]   Fed. Bureau of Prisons, *COVID-19 Cases* (May, 19, 2022), https://www.bop.gov/coronavirus.