UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 02-26 |
| JAMES SENTIMORE | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant James Sentimore's[1] motion for an amended presentence investigation report ("PSR").[2] For the following reasons, the Court denies the motion.

### I. BACKGROUND

On April 19, 2002, Sentimore pleaded guilty to one count of bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and one count use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1).[3] According to the factual basis that defendant signed,

---

[1] Defendant's prison and court records interchangeably spell his last name as "Sentimore" and "Sentmore." Because defendant uses "Sentimore" in his motion for the amended PSR, the Court uses that spelling for purposes of this order.

[2] R. Doc. 67.

[3] R. Doc. 15.

Sentimore robbed the Gulf Coast Bank and Trust located at 200 St. Charles Avenue in New Orleans, Louisiana.[4] Sentimore stole approximately $12,315.00, and was arrested on unrelated charges on December 5, 2001.[5]

On August 21, 2002, the Court sentenced Sentimore to 63 months' imprisonment on the bank robbery count, and 61 months' imprisonment on the firearm count, to be served consecutively.[6] The Court also sentenced Sentimore to five years of supervised release upon release from imprisonment.[7] Sentimore now moves the Court to send an amended PSR to the Bureau of Prisons ("BOP"), alleging that his criminal history score has changed and that, as a result, the BOP is incorrectly computing his "custody points."[8]

The Court considers the motion below.

II. **LAW AND ANALYSIS**

In most cases, Federal Rule of Criminal Procedure 32(c) requires a probation officer "to conduct a presentence investigation and submit a report to the court before it imposes sentence." The PSR must contain certain

---

[4]   R. Doc. 16.
[5]   *Id.* at 2.
[6]   R. Doc. 23 at 1.
[7]   *Id.*
[8]   R. Doc. 67.

2

information relevant in determining the sentence to be imposed, such as a calculation of the offender's advisory U.S. Sentencing Guidelines range and information relevant to the sentencing factors in 18 U.S.C. § 3553(a), and must be disclosed to the defendant before the sentencing hearing. *See* Fed. R. Crim. P. 32(d) & (e); *Rita v. United States*, 551 U.S. 338, 342-43 & 351 (2007) (describing PSR and noting that "[t]he sentencing judge . . . will normally begin by considering the [PSR] and its interpretation of the Guidelines"). "One purpose of the disclosure rule is to give a criminal defendant an opportunity to ensure that the report is 'completely accurate in every material respect.'" *United States v. Pleitez*, 876 F.3d 150, 159 (5th Cir. 2017) (quoting *United States v. Missio*, 597 F.2d 60, 61 (5th Cir. 1979)). Based on the procedural protections provided in Federal Rule of Criminal Procedure 32, the U.S. Court of Appeals for the Fifth Circuit has held that "complaints regarding the contents of a presentence investigation report must be raised prior to the imposition of sentence." *United States v. Engs*, 884 F.2d 894, 897 (5th Cir. 1989). Because Sentimore's sentence has already been imposed, this Court lacks jurisdiction to grant the relief that he seeks. *Id.*; *see also United States v. Alexander*, 353 F. App'x 885, 885 (5th Cir. 2009) ("Complaints regarding the contents of a PSR must be raised before

3

imposition of sentence; therefore, the district court did not have jurisdiction to consider [defendant]'s post-sentence motion [to correct the PSR].").

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for an amended PSR.

New Orleans, Louisiana, this __10th__ day of June, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE